# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

**JEFFREY ERIC SCHAEFER,**

      **Plaintiff,**                **CIVIL ACTION NO. 13-13669**

**vs.**                              **DISTRICT JUDGE STEPHEN J. MURPHY**

**M.J. MODELSKI**               **MAGISTRATE JUDGE MONA K. MAJZOUB**

      **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff filed his *pro se* Complaint on August 27, 2013, alleging that Defendant violated his rights under the First and Fourteenth Amendments of the U.S. Constitution while acting in his capacity as an Administrative Law Judge for the Michigan Secretary of State's Office.  (*See* docket no. 1.)  Plaintiff, a "traditional Jewish person," alleges that Defendant discriminated against him on the basis of religion when Defendant asked him if he "had horns under his yarmulke" and asked him to recite The Lord's Prayer in the context of an administrative hearing.  (*See id.*)  Plaintiff seeks injunctive relief and monetary damages.  (*See id.*; *see also* docket nos. 10 and 13.)

Before the Court are Plaintiffs' Motion for Default Judgment (docket no. 13), Emergency Motion for Default Judgment (docket no. 19), Amended Motion for Default Judgment (docket no. 20), and Renewed Motion for Default Judgment (docket no. 22).  All pretrial matters have been referred to the undersigned for consideration.  (Docket no. 5.)  The undersigned has reviewed the pleadings, dispenses with a hearing pursuant to E.D. Mich. L.R. 7.1(f)(2), and issues this Report and Recommendation.

1

## I.      Recommendation

For the reasons that follow, the undersigned recommends that Plaintiff's Motions (docket nos. 13, 19, 20, and 22) be denied and that the Court vacate the Clerk's Entry of Default against Defendant for failure to effectuate proper service.  Further, the Court should afford Plaintiff 30 days under Fed. R. Civ. P. 4(m) to properly serve Defendant.

## II.     Report

### A.      Procedural History

On September 11, 2013, Plaintiff mailed Defendant a summons and a copy of the Complaint by certified mail.  (*See* docket no. 7.)  On October 22, 2013, Plaintiff requested a clerk's entry of default and a default judgment.  (Docket nos. 7, 8, and 9.)  A Clerk's Entry of Default was entered against Defendant on October 22, 2013, but Plaintiff's request for Default Judgment was denied for failure to provide a sum certain.  (Docket nos. 9 and 12.)  On October 29, 2013, Plaintiff filed a Motion for Default Judgment against Defendant.  (Docket no. 13.)  He filed a supplemental brief on November 19, 2013 (docket no. 16), an Emergency Motion for Default Judgment on March 20, 2014 (docket no. 19), and a Supplement to his Motion on April 7, 2014 (docket no. 20).

As of May 5, 2014, Defendant had not filed an answer to Plaintiff's Complaint or to Plaintiff's Motion for Default Judgment.  Thus, the undersigned ordered Defendant to show cause why he had failed to respond to Plaintiff's Complaint, noting that failure to respond to the Court's show-cause order may result in a judgment against Defendant.  (Docket no. 21.)  Defendant's attorney filed an appearance on May 14, 2014, and Defendant filed a Response to the Court's Order to Show Cause on March 23, 2014, asserting that Plaintiff's default should be set aside and that this

matter should be dismissed because Plaintiff failed to properly serve Defendant. (Docket nos. 23 and 24.)

### B.    Analysis

A plaintiff bears the burden of showing that the defendant against whom the plaintiff is seeking default judgment has been properly served. *Keller v. Owens*, 2007 WL 2702947 (D. Kan. Sept. 14, 2007) (unpublished); *Everetson v. Topeka Ass'n For Retarded Citizens*, 2005 WL 2988716 (D. Kan. Oct. 11, 2005) (unpublished). Moreover, the Court cannot enter default against a defendant where the defendant has not been properly served. (*Maryland State Firemen's Ass'n v. Chaves*, 166 F.R.D. 353 (D. Md. 1996). The Federal Rules provide that service on an individual may be obtained "pursuant to the law of the state in which the district court is located" or by delivering a copy of the summons and of the complaint to the individual personally, by leaving copies thereof at the individual's dwelling house or usual place of abode, or by delivering a copy of the summons and complaint to an authorized agent. Fed. R. Civ. P. 4(e). In Michigan, the law allows service on an individual personally or by sending a copy of the summons and complaint by registered or certified mail, return receipt requested, with delivery restricted to the addressee. Mich. Ct. R. 2.105(A). Service is made when the defendant acknowledges receipt of the mail, and Plaintiff must attached a copy a copy of the return receipt signed by the defendant to the proof of service itself . *Id.*

When the clerk's office entered default against Defendant, it did so based, in part, on a Summons and Complaint Return of Service provided by Plaintiff indicating that Defendant was served on September 11, 2013, at 7:10 a.m. by "United States Postal Service . . . certified mail delivery restricted addressed to the Defendant, M.J. Modelski c/o Michigan Department of State, Legal Service Administration; Richard H. Austin Building; Fourth Floor; 430 W. Allegan, Lansing,

3

Michigan 48915." (*See* docket no. 7.) Defendant asserts that he never received a copy of Plaintiff's Complaint and that he was not properly served. (*See* docket no. 24-3.)

With his Response to the Court's Order to Show Cause, Defendant provides a copy of the USPS tracking information for Plaintiff's September 11, 2013 mailing. (Docket no. 24-2 at 2.) While Plaintiff did mail a copy of the Summons and Complaint to Defendant via registered mail, return receipt requested, the tracking information does not show that delivery was restricted to M.J. Modelski. (*See id.*) More importantly, though, Plaintiff's mailing was signed for and received by L. Peatross, not Defendant. (*Id.*) Thus, Plaintiff cannot show that Defendant was served at all, let alone served properly.

Service of a Summons and Complaint must be made within 120 days after the filing of the Complaint. Fed. R. Civ. P. 4(m). Plaintiff's Complaint was filed on August 27, 2013, which means that his time to effectuate proper service has passed. (*See* docket no. 1.) "But if the Plaintiff shows good cause for the failure, the Court must extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Here, the undersigned finds that Plaintiff attempted in good faith to properly serve Defendant and only failed to do so because of a misinterpretation of the Michigan Court Rules or because his September 11, 2013 mailing was inadvertently delivered to L. Peatross instead of Defendant. Thus, Plaintiff should be given 60 days to properly serve Defendant.

### C.    Conclusion

For the above-stated reasons, the undersigned recommends Plaintiff's Motions (docket nos. 13, 19, 20, and 22) be denied and that the Court vacate the Clerk's Entry of Default against Defendant. Further, the Court should afford Plaintiff 30 days under Fed. R. Civ. P. 4(m) to properly serve Defendant.

### III.    Notice to Parties Regarding Objections

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated: June 24, 2014                         s/ Mona K. Majzoub
                                            MONA K. MAJZOUB
                                            UNITED STATES MAGISTRATE JUDGE

**<u>PROOF OF SERVICE</u>**

      I hereby certify that a copy of this Report and Recommendation was served upon Plaintiff Eric Schaefer and Counsel of Record on this date.


Dated: June 24, 2014                <u>s/ Lisa C. Bartlett     </u>
                                    Case Manager