UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JEFFREY ERIC SCHAEFER,

    Plaintiff,                                Case No. 13-cv-13669

v.                                       HONORABLE STEPHEN J. MURPHY, III

M.J. MODELSKI,

    Defendant.

_____/

**ORDER OVERRULING OBJECTIONS
TO THE REPORT AND RECOMMENDATION**
(document no. 26), **ADOPTING REPORT AND RECOMMENDATION**
(document no. 25)**, DENYING MOTIONS FOR DEFAULT JUDGMENT
<u>(document nos. 13, 19, 20, & 22)</u>, AND EXTENDING THE TIME FOR SERVICE**

    Plaintiff Jeffrey Eric Schaefer claims that defendant M.J. Modelski discriminated against him for religious reasons during an administrative hearing concerning Schaefer's eligibility for a driver's licence. After Modelski did not appear in this lawsuit, Schaefer filed multiple motions for default judgment, prompting the Court to ask Modelski for an explanation. Modelski replied that he was not properly served.

    After reviewing the evidence, the magistrate judge agreed with Modelski. The magistrate judge accordingly recommends that the Court deny the motions for default judgment and extend the time for service by 30 days so that Schaefer can attempt proper service. Although Schaefer objects to this recommendation, he filed his objections late. Any objections were due by July 11, 2014. *See* Fed. R. Civ. P. 72(b)(2) (objections due 14 days after service); Fed. R. Civ. P. 6(a) (instructions for calculating time). Schaefer filed on July 14, 2014. He did not move for an extension of time.

    Although a court must review timely objections to a magistrate judge's report and recommendation, a court may adopt, reject, or amend the portions of a report and

recommendation to which no party properly objects. *See* Fed. R. Civ. P. 72(b)(3); *Thomas v. Arn*, 474 U.S. 140, 150 (1985). De novo review is not required here because Schaefer's objections are untimely. And the Court will not modify the magistrate judge's report and recommendation of its own accord because Schaefer did not serve Modelski properly. To complete the service of a resident individual by mail, the Michigan Rules of Court require that "*the defendant* acknowledge" receipt of the summons and complaint by signing a return receipt. Mich. R. Ct. 2.105(A)(2) (emphasis added). It is undisputed that Modelski did not sign a return receipt. Therefore, the Court will follow the magistrate judge's recommendation.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the magistrate judge's report and recommendation (document no. 25) is **ADOPTED**.

**IT IS FURTHER ORDERED** that Schaefer's motions for default judgment (document nos. 13, 19, 20, & 22) are **DENIED**.

**IT IS FURTHER ORDERED** that Schaefer's objections to the report and recommendation (document no. 26) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the time for service is **EXTENDED** until 30 days from the entry of this order. Failure to effect proper service will result in dismissal.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: July 21, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 21, 2014, by electronic and/or ordinary mail.

                                  s/Carol Cohron
                                  Case Manager